IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEARL REAGOR,<br><br>      Plaintiff,<br><br>vs.<br><br>OKMULGEE COUNTY FAMILY<br>RESOURCE CENTER, INC., a Domestic Not<br>For Profit Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Case No.: 11-CV-085 JHP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, Pearl Reagor, through her attorneys of record, Daniel E. Smolen and David A. Warta, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against the Defendant, Okmulgee County Family Resource Center, Inc., pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or, "the Act"), in regard to unpaid overtime wages and breach of contract. In support thereof, Plaintiff respectfully shows the Court:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff Pearl Reagor, at all times pertinent to this action, was and is employed by Defendant within the Eastern District of Oklahoma. Furthermore, Plaintiff is domiciled and resides within the Eastern District of Oklahoma.

2. Okmulgee County Family Resource Center, Inc. is an Oklahoma not for profit domestic corporation, regularly engaged in business in the Eastern District of Oklahoma.

3. Plaintiff is an "employee engaged in commerce" and Defendant is an "employer" within the meaning of the FLSA. Upon information and belief that will be confirmed through

      discovery, Plaintiff and Defendant's other employees handled good and/or admitted clients into Defendant's facility who had moved across state lines from California, Texas and Indian Territories. Plaintiff utilized the telephone as part of her duties, and was responsible for security of Defendant's facility, including the monitored security system at the facility. Plaintiff also was responsible for helping patrons of the facility secure cellular telephone service and upgrades to existing cellular phone plans. Plaintiff also secured pharmaceutical prescriptions at the facility that been manufactured and distributed within interstate commerce on behalf of Defendant's clients. Furthermore, Defendant's facility is located within easy access of U.S. highway 75 and is therefore conveniently located to attract clients from out of state by virtue of Defendant's facility's easy access from the highway.

4. Plaintiff is entitled to the protection afforded by the minimum wage and overtime provisions of the FLSA, and has standing under Section 16(b) of the Act to maintain this action.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367; venue properly rests in this Court under 28 U.S.C. § 1391(b), (c).

## OPERATIVE FACTS

6. All preceding paragraphs are incorporated herein by reference.

7. On or about April 2007, Plaintiff began her employment as an employee of Defendant.

8. During the course of her employment with Defendant, Plaintiff regularly performs work in excess of forty (40) hours per week on behalf of Defendant and is not compensated at a rate of one and one-half times her hourly rate for that work.

9. On August 17, 2009, during Defendant's Corporate Board of Directors meeting held at the offices where Plaintiff works, Defendant's Executive Director, Richard Davidson, gave the Director's Report. As stated in the minutes from the meeting, Mr. Davidson reported

> There are changes that need to be made with the Shelter workers due to being in compliance with the Fair Labor Standards Act. The changes will mean added cost but it is necessary for complying with the FLSA. The weekend workers will not be effected. We will deal with the way we record hours on weekday workers. We will have a worker come from 4:30 p.m. to 12:00 midnight and she will be responsible for taking care of the women and children in evenings and bedtime and from 12:00 p.m. (sic) to 8:00 a.m. we have a person for all night. Crystal will have them do cleaning and work in the garage and this will also take the load off the day workers. The FLSA requires that we pay for all on-duty hours.

Minutes attached as Exhibit 1.

10. The following day, on August 18, 2009, Defendant prepared an employment agreement (the "Agreement"), the purpose of which was to avoid payment of wages to Plaintiff. On September 4, 2009, Plaintiff was required to sign the Agreement as a condition of continued employment by Defendant. The Agreement required Plaintiff

> to perform tasks, assignments, or duties as weekend Safehouse Shelter Worker from Saturday at 8:00am to Monday at 8am. That this is a 48 hour period of time and that 8 hours (4 hours per night sleep time) will be volunteer time by the employee. Sleep will be allowed during this time but volunteer agrees to be responsible for crisis hotline, crisis intervention or other responsibilities that should arise. That compensation in the amount of $7.25 per hour will be paid for the 40 hour work shift. That this shift is shift work and no benefits will be available. That employee will have access to meals, bed and bath. Employee hereby understands that working knowledge of the problems of abused women and children and is trained to handle emergency and crisis situations.

Agreement attached as Exhibit 2.

11. Defendant misclassified Plaintiff as a "volunteer" for certain hours worked, in that the

services Plaintiff provided as a "volunteer" were mandatory as part of her employment by Defendant. Furthermore, the activities performed during Plaintiff's "volunteer" time were not predominately for Plaintiff's benefit. Additionally the "volunteer" hours worked by Plaintiff impaired the employment opportunities of others by performing work which would otherwise be performed by regular employees. Finally, Plaintiff was not serving Defendant without contemplation of pay and the activity took place during the Plaintiff's regular working hours or scheduled overtime hours.

12. As stated by the Agreement and in actual practice, Plaintiff was not allowed uninterrupted sleep time due to her continuing responsibilities during the "sleep time" hours. Furthermore, the security monitors were located in the room where Plaintiff was to presumably sleep, thus making such accommodations substandard for purposes of uninterrupted rest.

13. Plaintiff does not meet any of the recognized exemptions of the FLSA that would preclude her from receiving time and one-half for work performed in excess of forty hours per week.

## FIRST CAUSE OF ACTION

## UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

14. All preceding paragraphs are incorporated herein by reference.

15. At all times material to this lawsuit, Plaintiff was and is employed by Defendant and frequently worked in excess of forty (40) hours per week in performance of the duties assigned by Defendant.

16. Plaintiff is not exempt from the overtime compensation requirements of the FLSA under any of the exemptions set forth in the Act. Defendant has a statutory duty to

maintain accurate time records covering all hours worked by Plaintiff and to compensate Plaintiff at the rate of one and one-half (1 1/2) times her respective regular hourly wage for all time worked in excess of forty (40) hours in one week.

17. Until September 4, 2009, Defendant improperly deducted wages for Plaintiff's "sleep time," without any type of written agreement with Plaintiff. On and after that date, Defendant improperly deducted "sleep time" and "volunteer" hours without having a legal basis to do so.

18. Defendant's failure to maintain accurate time records and/or to properly compensate Plaintiff for overtime hours worked is a knowing, willful and intentional violation of the FLSA.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

19. All preceding paragraphs are incorporated herein by reference.

20. Plaintiff began her employment with Defendant in April of 2007 and is still currently employed by Defendant.

21. On November 19, 2007, Defendant instituted an employment policy that incorporated the provisions of the FLSA, Oklahoma Minimum Wage Act and pursuant statutes.

22. The adoption of this policy constituted the formation of a contract between Plaintiff and Defendant and outlined the rights and obligations of the employer under the contract.

23. Plaintiff has performed all conditions precedent to recover under the contract and has not excused Defendant's breach.

24. Defendant violated the provisions of the FLSA by failing to pay Plaintiff minimum wage and overtime wages under the Act.

25. Accordingly, Defendant breached the employment contract through its failure to abide by the contractual terms.

26. Plaintiff suffered damages due to Defendant's breach in the amount of unpaid overtime.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OKLAHOMA PROTECTION OF LABOR ACT AND OKLAHOMA MINIMUM WAGE ACT

27. All preceding paragraphs are incorporated herein by reference.

28. Defendant violated Oklahoma's Protection of Labor Act, 40 O.S. § 165.1, et. Seq. and Oklahoma Minimum Wage Act, 40 O.S. § 197.1, et. seq., because Defendant failed to pay minimum wages, keep proper records for Plaintiff and failed to pay in a timely manner wages due to Plaintiff.

29. As a result of Defendant's violation of the Protection of Labor Act and Minimum Wage Act of Oklahoma, Plaintiff has suffered a reduction in earnings and is entitled to liquidated damages by statute in an amount not yet to be determined.

**WHERFORE**, Plaintiff prays for judgment against Defendant for:

a. unpaid overtime wages, with prejudgment interest thereon;
b. liquidated damages;
c. attorneys' fees and costs;
d. such other relief as the Court deems just and equitable.

Respectfully submitted,

**/s/ Daniel E. Smolen**
Daniel E. Smolen, OBA# 19943
Donald E. Smolen, II, OBA# 19944
David A. Warta, OBA# 20361
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June, 2011 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher L. Camp

/s/ Daniel E. Smolen, OBA # 19943

OKMULGEE COUNTY FAMILY RESOURCE CENTER, INC.
CORPORATE BOARD OF DIRECTORS MEETING
1501 SOUTH CREEK AVENUE  OKMULGEE, OK 74447
AUGUST 17, 2009 - 12:00 NOON

The regular Corporate Board of Directors meeting was held on August 17, 2009 at the offices of the Family Resource Center.

The members in attendance: Dennis Taylor, Rob Barris, Donna Perry, Carolyn Milroy, Norma Kemp, Bob Hamrick and Shannon Cozzoni. Also in attendance: Richard Davidson, Marlene Covington, Kim Deer, Keyna Richardson and Crystal Newnam. Members absent: Judge Moore and Ann Powders.

The meeting was called to order by Dennis Taylor, President.

Roll Call was given by Marlene Covington.

The minutes were looked over by members and Carolyn Milroy's name was not listed on the members attending the July 20th Board Meeting. A motion was given by Rob Barris to accept the minutes as given with the correction of adding Carolyn's name on the Board list for last month. A second to the motion was given by Bob Hamrick and all members approved.

Richard gave the Financial Report for the month of July. He stated that this was the beginning of the new fiscal year and the State has not released their money for our grants which include VOCA CASA and VOCA Safehouse, the three CASA National Grants and also State CASA grants. We received a letter stating all state agencies have to take a 5% reduction and the Attorney General's check will be cut on just the first month and also the CASA State Appropriation will be cut for 1st month only. Donna Perry made the motion to accept the Financial Report as given and a second to the motion was given by Norma Kemp. All members approved the motion.

Strategic Planning Day was set for September but due to the economy Richard would like to postpone the meeting until our revenues stabilize and try for next fall. The question was asked if this would hurt our grants in any way and Richard felt this would not affect us and he will address the matter and also he wants to do more work on the project. A motion was given by Shannon Cozzoni to extend the Strategic Planning Retreat to 2010, Donna Perry seconded the motion. All members voted aye.

Richard's mileage was accepted by the Board and a motion was given by Norma to accept the mileage as given and Shannon seconded the motion. All member voted aye.

Kim gave the August CASA report and stated that she and Richard are working on the 2010 CASA finances for getting the spending down and the revenues up. They are working on approaching the Creek Nation Tribe about funding for the program. She

PLAINTIFF'S EXHIBIT 1

talked with Judge Moore and he was favorable about the idea and she will get together with Shannon on how to approach the National Council. She stated that the State CASA is paying for the training sessions. The playhouse project was put on hold due to Trenace leaving and we are planning to get it going in the spring due to the United Way blackout. The CASA Day at Sonic will be put back in place this year on Child Abuse Prevention Month with the volunteers handling the project. The CASA Training has been put off until later this fall. The Creek County CASA had their Playhouse Raffle on August 7th and they made about $3,500.00 and this was mostly profit. They are thinking about another Chili Dinner on Christmas Parade night. The Coordinator will be having a baby that month so this will have to be worked out.

The Safehouse Report was given by Keyna. The shelter housed 17 women and 18 children for the month of July. We have had 15 women and 28 children so far this month of August and we currently have 7 women and 13 children in shelter. We are in the process of hiring a new shelter worker for our midnight-8 shifts, we are changing the shifts of our night and weekend workers. We will have a 4-12, 12-8 and the weekend shift will start on Saturday morning. We are also looking for Safehouse Advisory Board members so if anyone knows of someone that would be interested please give us a call.

Richard gave the Director's Report: There are changes that needed to be made with the Shelter workers due to being in compliance with the Fair Labor Standards Act. The changes will mean added cost but it is necessary for complying with the FLSA. The weekend workers will not be affected. We will deal with the way we record hours on weekday workers. We will have a worker come from 4:30 p.m. to 12:00 midnight and she will be responsible for taking care of the women and children in evenings and bedtime and from 12:00 p.m. to 8:00 a.m. we have a person for all night. Crystal will have them do cleaning and work in the garage and this will also take the load off the day workers. The FLSA requires that we pay for all on-duty hours.

The United Way "Day of Caring" is coming up and we have been chosen for all three projects by Kimberly Clark Corporation to come in and do the painting of the kitchen and hallway. The Creek County CASA project has not been accepted yet. The United Way blackout is from August 15 – November 15 and we cannot do fundraising during this 3 month period. Richard is very pleased that we have been awarded a 10% increase in our allocations for this year even though the economy has been bad. We also will give out pledge cards throughout the agency and if anyone would like to donate they can.

The Annual Report will be ready for the September Board Meeting. Richard stated he already has 3 grants to get out before the end of September.

Meeting adjourned 12:40 P.M.

_____    _____
Chairman's Signature                                Date

# OKMULGEE COUNTY FAMILY RESOURCE CENTER, INC.
P.O. Box 73  Okmulgee, Oklahoma 74447
(918) 756-2545 - 756-2549



CASA
Court Appointed Special Advocates
FOR CHILDREN

SAFEHOUSE
DOMESTIC VIOLENCE
CRISIS INTERVENTION

## AGREEMENT

This agreement dated this **4** day of **September 2009**, by and between

(Agency) **OCFRC**

and (Employee) **Pearl L. Reagor**

That employee agrees to perform tasks, assignments, or duties as weekend Safehouse Shelter Worker from Saturday at 8:00am to Monday at 8:00am. That this is a 48 hour period of time and that 8 hours (4 hours per night sleep time) will be volunteer time by the employee. Sleep will be allowed during this time but volunteer agrees to be responsible for crisis hotline, crisis intervention or other responsibilities that should arise. That compensation in the amount of $ **7.25** per hour will be paid for the 40 hour work shift. That this is shift work and no benefits will be available. That employee will have access to meals, bed and bath. Employee hereby understands that working knowledge of the problems of abused women and children and is trained to handle emergency and crisis situations.

_Richard Davidson_  
Agency Executive Director

_Pearl L Reagor_  
Employee

**PLAINTIFF'S EXHIBIT 2**

Member  NCASAA, OCASAA and OCADVSA • United Way Agency